740 So.2d 708 (1999)
ACADEMY MORTGAGE COMPANY, L.L.C.
v.
Paul JUAREZ and Gayan Juarez.
No. 98-CA-963.
Court of Appeal of Louisiana, Fifth Circuit.
June 1, 1999.
Rehearing Denied June 28, 1999.
Writ Denied November 5, 1999.
Albert Dale Clary, Jennifer J. Vosburg, Long Law Firm, L.L.P., Baton Rouge, Louisiana, Attorneys for Paul L. Juarez, Jr. and Gayan S. Juarez, Defendants/Third-Party Plaintiffs/Appellants.
William E. Wright, Jr., Margaret I. Sunkel, Deutsch, Kerrigan & Stiles, L.L.P., New Orleans, Louisiana, Attorneys for Third-Party Defendants/Appellees, Irl R. Silverstein, Robert Caplan and Coregis Insurance Company.
*709 Court composed of Judges H. CHARLES GAUDIN, EDWARD A. DUFRESNE, Jr., and SUSAN M. CHEHARDY.
CHEHARDY, Judge.
This matter originated as a lawsuit by a small mortgage company, Academy Mortgage Company, L.L.C., against its manager, Paul Juarez, for mismanagement, breach of fiduciary duty, and destruction of property belonging to the company. Paul Juarez and his wife eventually impleaded other members of the limited liability company, who are also attorneys, and alleged legal malpractice against those individuals. The matter is before us on appeal from judgments dismissing the legal malpractice claims. We affirm.
We glean the following facts from the record and the briefs:
Academy Mortgage Company was formed in 1977 as a partnership between Irl Silverstein, Robert Caplan, Peter Lewis and others. At some point Paul Juarez, manager of the company, was made a partner. It became a limited liability partnership in 1992 and was terminated as a partnership in 1995, when it became a limited liability company.
Paul Juarez served as manager of Academy until September 24, 1996. Between 1985 and 1996 Paul Juarez signed, as a guarantor, several promissory notes executed by Academy in favor of trusts or professional corporations of Silverstein, Caplan and Lewis. Silverstein, Caplan and Lewis all are lawyers. Neither Mr. nor Mrs. Juarez is a lawyer.
On September 24, 1996 Academy filed this lawsuit alleging mismanagement and breach of fiduciary duty against Paul Juarez, naming as co-defendant his wife, Gayan Juarez, who was an employee of the company. Academy alleged that she had knowledge of her husband's actions and that she also destroyed company documents and property in an attempt to conceal his conduct. Academy sought an injunction to prohibit Mr. and Mrs. Juarez from entering its premises, destroying, removing and/or concealing its property, harassing any of its members or employees, and interfering in its business. In addition plaintiff sought damages for sums misappropriated and diverted by defendants, damages for defendants' behavior, and attorney's fees and costs.
Also on September 24, 1996, Paul Juarez was terminated from his position as manager of the company.
Thereafter the parties commenced a series of pleadings, seeking restraining orders, injunctions and other relief against each other and opposing each others' attempts to recover or protect property/documents on the company premises. Among these were a reconventional demand by Mr. and Mrs. Juarez against Academy for failure to render a formal accounting, a supplemental reconventional demand seeking unpaid salary due to each of them, and a first amending petition by Academy, alleging that Paul Juarez had committed numerous incidents of mismanagement while employed as the managing member of plaintiff.
On July 27, 1997 Mr. and Mrs. Juarez filed a second supplemental and amending reconventional demand against Academy which included Silverstein as a defendant, reiterating the claims regarding failure to return the Juarezes' personal property. Silverstein filed an exception of no cause of action, on the basis that as a member of a limited liability company he cannot be liable for actions of the company. Silverstein's exception was granted.
On September 8, 1997 Mr. and Mrs. Juarez filed a third supplemental and amending reconventional demand, naming as defendants Silverstein, Silverstein's law corporation, Caplan, and Caplan's law partnership. That pleading made various allegations against Silverstein and Caplan sounding in legal malpractice. Silverstein, Caplan and Lewis & Caplan, a P.L.C., filed an exception of improper cumulation of actions, asserting they were not parties *710 to the suit; therefore, they could not properly be made defendants-in-reconvention. The exception was granted on December 4, 1997 and the trial court dismissed the third supplemental and amending reconventional demand without prejudice.
On December 9, 1997, Mr. and Mrs. Juarez filed a third party demand against Silverstein, Caplan and their professional law corporations, making the same allegations as were made in the third supplemental and amending reconventional demand which had just been dismissed, specifically, the following:
They alleged that prior to September 5, 1995 Academy Mortgage had operated as a partnership with Paul Juarez, Silverstein, Caplan, and a fourth partner who was also an attorney. Paul Juarez had suffered a debilitating stroke in July 1994, had been off work for several months, and had worked only on a limited basis before returning to work full-time. His memory was impaired by the stroke. After he returned to work, but before September 5, 1995, he was approached by the three attorney partners with the recommendation that the partnership be converted to a limited liability company. He consented. Mrs. and Mrs. Juarez alleged that, in giving that consent, he relied on the advice of his partners and attorneys, Silverstein and Caplan.
Mr. and Mrs. Juarez alleged further that Silverstein provided legal services to them on a number of matters from the 1980s through September 1996 and that Caplan also had provided legal services to them on a number of matters. They asserted that Silverstein had served as counsel for Academy as the closing and collection attorney for all phases of customer service and litigation, truth-in-lending matters, bankruptcy information and employee-related legal matters. They alleged that Caplan also served as counsel for Academy regarding leases and other contracts, insurance claims, government financial document filings, and employee legal matters. They asserted that both Silverstein and Caplan advised Paul Juarez on tax consequences of Academy's operations.
Mr. and Mrs. Juarez asserted that Silverstein and Caplan failed to inform Paul Juarez that conversion of Academy from a partnership to a limited liability company enabled any majority of the members of the company to approve certain matters without the consent of a minority member, including dissolution and winding down of the company, transfer of all or substantially all of its assets, alienation/lease/encumbrance of any of its immovables, and amendment of its articles of organization or operating agreement.
As a result, the Juarezes allege, after Paul Juarez' employment with Academy was terminated in September 1996, the remaining members amended the articles of organization to remove management of the company from Paul Juarez and to make themselves managers, they sold all or substantially all of the company assets, failed to account to Paul Juarez for their actions, failed to pay him any profits, bonuses or other income, and otherwise deprived him of any interest he ever had in Academy.
Mr. and Mrs. Juarez alleged Silverstein and Caplan were negligent in their capacities as counsel to them in the following respects: failing to inform them of the effect of conversion of Academy from a partnership to a limited liability company; failing to inform them of the potential personal gain of power Silverstein and Caplan would have in the new limited liability company; failing to advise them of the personal potential financial gain the attorney partners would have due to the conversion to the limited liability company; failing to advise them to seek separate counsel on the issue of whether or not to consent to the conversion from partnership to limited liability company; failing to advise them of the conflict of interest which they had in acting as business partner and counsel in the conversion; failing to give such advice in writing; failing to obtain *711 their consent for having a business transaction with the client and serving as counsel to the client at the same time; and failing to obtain such consent in writing.
Mr. and Mrs. Juarez further alleged that after the termination of Paul Juarez' employment in September 1996 Silverstein and Caplan specifically advised him not to obtain counsel. They alleged that Silverstein and Caplan had caused damages to them by the loss of their entire interest in Academy, loss of ability to continue to develop and profit from Academy with Paul Juarez as manager, severe mental anguish and distress, and loss of income.
Silverstein and Caplan responded with a motion for summary judgment, asserting that the various allegations against them are not proper bases for a legal malpractice action and/or the claims lie in an action for breach of fiduciary responsibility against the company managers, but not in legal malpractice.
On January 21, 1998 Mr. and Mrs. Juarez filed a first amending and supplemental third party demand adding as a defendant Coregis Insurance Company, Silverstein's and Caplan's legal malpractice insurer. Coregis responded by joining in the motion for summary judgment previously filed by Silverstein and Caplan.
On February 20, 1998 Mr. and Mrs. Juarez filed a second supplemental and amending third party demand, making further allegations of legal malpractice against Silverstein and Caplan and also alleging breaches of their fiduciary duty as managers and members of the company.
The trial court granted the motion for summary judgment, dismissing the third party demand and the first supplemental and amended third party demand, with prejudice.
Thereafter Silverstein and Caplan and their law corporations filed an exception of peremption as to the second supplemental and amending third party demand, on the ground that any cause of action arising out of legal malpractice was barred by peremption or res judicata. The trial court granted the exception as to the legal malpractice claims asserted in the second supplemental and amended third party demand, dismissing the legal malpractice claims with prejudice.
Mr. and Mrs. Juarez have appealed both judgments. They define the issue on appeal as whether a lawyer commits legal malpractice when he enters into a business transaction with a client without the written disclosure and consent required in Rule 1.8 of the Louisiana State Bar Association Rules of Professional Conduct. Appellants contend that Silverstein and Caplan were the Juarezes' attorneys, they entered into a transaction with their clients, the conversion nullified Paul Juarez's voting power, the conversion allowed the drainage of assets, Silverstein and Caplan sued the Juarezes, and the legal malpractice claims are not prescribed because the Juarezes' harm did not occur until Silverstein and Caplan began to deprive Paul Juarez of his interest and rights in Academy. Appellants contend that because that harm occurred within the three-year peremptive period and within one year of knowledge, Mr. and Mrs. Juarezes' claim was timely filed.
Third-party-defendants/appellees, Silverstein et al., assert that no attorney-client relationship existed between Mr. and Mrs. Juarez and Silverstein and/or Caplan and that the conversion of Academy from a partnership to a limited liability company is not the basis for an action for professional negligence and was not the cause of the Juarezes' alleged loss; therefore, the trial court correctly granted summary judgment and sustained the peremptory exception dismissing the claims of legal malpractice.
We find it unnecessary to decide whether Silverstein and Caplan had an attorney-client relationship with Mr. and Mrs. Juarez for the specific actions or inactions alleged as the basis for malpractice. Assuming *712 for the sake of argument that there was an attorney-client relationship for these incidents, the cause of action for such claims expired prior to the date the third party demand and its supplements and amendments was filed.
Actions for legal malpractice are governed by La. R.S. 9:5605, which provides in pertinent part:
A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred.... The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

C. Notwithstanding any other law to the contrary, in all actions brought in this state against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional law corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, the prescriptive and peremptive period shall be governed exclusively by this Section. [Emphasis added.]
In Reeder v. North, 97-0239 (La.10/21/97) 701 So.2d 1291, our supreme court definitively interpreted the provisions of La. R.S. 9:5605, holding that the three-year peremptive period of the statute begins to run on the date of the act, omission, or neglect and cannot be suspended by the "continuous representation rule." 701 So.2d at 1298-1299.

Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291, provides a definitive interpretation of the three-year time limitation in legal malpractice actions. The supreme court held that La. R.S. 9:5605 must be applied as written because "[t]he Legislature was particularly clear in wording La. R.S. 9:5605 so as to leave no doubt as to its intent." Reeder v. North, 701 So.2d at 1295. Thus, the applicable time limitations on legal malpractice actions are one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered, "at the latest within three years from the date of the alleged act, omission, or neglect." Id.; La. R.S. 9:5605(A).
Drennan v. Killian, 97-1120 (La.App. 5 Cir. 4/28/98) 712 So.2d 978, 980.
The cause of action for malpractice arises on the date on which the client first suffered actual and appreciable damage. Harvey v. Dixie Graphics, Inc., 593 So.2d 351, 354 (La.1992).
The date on which Mr. and Mrs. Juarez must be considered to have first suffered actual and appreciable damage must be considered as September 24, 1996, the date on which Paul Juarez was terminated from his position as manager of *713 Academy and also the date on which Academy's suit against them was filed. Under La. R.S. 9:5605, therefore, Mr. and Mrs. Juarez had until September 24, 1997 to file suit for legal malpractice.
The third party demand alleging legal malpractice was not filed until December 9, 1997 and the second supplemental and amended third party demand was not filed until February 19, 1998, both dates well past the one-year deadline. Mr. and Mrs. Juarez were represented by counsel at the latest by November 1996, when the first responsive pleadings to Academy's petition was filed and more than one year before the Juarezes' third party demand asserting legal malpractice was filed. There is nothing in the record to rebut the presumption that the cause of action perempted on its face.
The Louisiana Civil Code defines peremption as a "period of time fixed by law for the existence of a right." La. C.C. art. 3458. When the peremptive period has run, the cause of action itself is extinguished unless timely exercised. As a result, peremption need not be pleaded and may be supplied by a court at any time. La. C.C. art. 3460.
State Through Div. of Admin. v. McInnis Bros. Const., 97-0742 (La.10/21/97) 701 So.2d 937, 939.
Thus, although no exception of peremption was raised to the third party demand or to the first supplemental and amending third-party demand, we notice of our own motion that any cause of action for legal malpractice set out in those pleadings as well as in the second supplemental and amending third-party demand has expired by peremption.
For the foregoing reasons, the judgments on appeal are affirmed. Costs of the appeal are assessed against the appellants.
AFFIRMED.