791 So.2d 697 (2001)
Aubrey KENNEDY and Linda Kennedy, in Their Own Right and on Behalf of the Minor Child, Aubrey B. Kennedy
v.
Ron S. MACALUSO, Ron S. Macaluso, APLC and Seale, Macaluso, Daigle & Ross, APLC.
No. 1999 CA 3016.
Court of Appeal of Louisiana, First Circuit.
February 16, 2001.
Writ Denied May 4, 2001.
C. Scott Carter, Charles O. Taylor, Lynn M. Terrebonne, Metairie, for Plaintiffs-Appellants Aubrey Kennedy and Linda Kennedy, individually and on behalf of the minor child, Aubrey B. Kennedy.
Ron S. Macaluso, Hammond, In proper person and as Attorney for Defendants-Appellees Ron S. Macaluso, APLC and Seale, Macaluso, Daigle & Ross, APLC.
*698 Before: PARRO, GUIDRY and THAXTON, JJ.[1]
GUIDRY, Judge.
This is an appeal of a judgment which sustained the defendants' exception of prescription pursuant to La. R.S. 9:5605 and dismissed plaintiffs' legal malpractice action. After a thorough review of the record and consideration of plaintiffs' arguments on appeal, we affirm the judgment appealed.

FACTS AND PROCEDURAL HISTORY
In their petition, the plaintiffs, Aubrey Kennedy and Linda Kennedy (the Kennedys), individually and on behalf of their minor child, Aubrey B. Kennedy (Brandon), alleged that they engaged the services of the defendant, Ron S. Macaluso (Macaluso), to represent them in connection with their potential claims of medical malpractice against various healthcare providers who allegedly failed to diagnose Brandon Kennedy's congenital glaucoma. Plaintiffs further alleged that Macaluso negligently allowed their medical malpractice claim to prescribe and they now seek damages resulting from his alleged legal malpractice. Also in this original petition, the plaintiffs raise the issue of the constitutionality of La. R.S. 9:5605, the statute which governs prescription in legal malpractice actions, as follows:

XIX.
Petitioners specifically pleads [sic] that LSA R.S. 9:5606, which creates a preemptive period of three years for claims of legal malpractice, is unconstitutional, in whole or in part, as it denies victims of legal malpractice of the Due Process and Equal Protection guaranteed by both the United States and Louisiana Constitutions.
Macaluso responded to the petition with a peremptory exception of prescription urging that the Kennedys' petition, filed more than one year from the date they admittedly knew of the alleged act forming the basis of their legal malpractice action, was prescribed.
A hearing was held at which plaintiffs' counsel argued that prescription began to run, not on the date that plaintiffs knew Macaluso failed to timely file their suit, but rather on the date the plaintiffs sustained "appreciable damage", which, according to plaintiffs, is the date that exceptions of prescription were filed against them in their underlying medical malpractice action.
At the hearing on the exception of prescription, the trial court found that the plaintiffs knew, as early as April 1997, that the defendant had failed to timely pursue their medical malpractice action, and since they filed their action against him for legal malpractice on June 24, 1999, "over two years" later, such action was prescribed.
Plaintiffs appeal arguing that the trial court erred in ruling their claim had prescribed and seek reversal of that ruling. They also argue, alternatively, that the trial court erred in ruling on the prescription issue without first addressing their claims that the statute is unconstitutional, and seek a remand for a hearing regarding the constitutionality and a reevaluation of the exception of prescription in light of the outcome of that hearing. Finding no merit in either of plaintiffs' positions, we affirm the judgment of the trial court sustaining defendant's exception and dismissing plaintiffs' claims.

*699 PRESCRIPTION
The time limitations for filing actions in legal malpractice are set out in La. R.S. 9:5605, enacted in 1990 and amended in 1992, which provides as follows:
A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect. (emphasis added).
B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission, or neglect occurring prior to September 7, 1990, actions must, in all events, be filed in a court of competent jurisdiction and proper venue on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or neglect. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
C. Notwithstanding any other law to the contrary, in all actions brought in this state against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, of any professional law corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, the prescriptive and peremptive period shall be governed exclusively by this Section.
D. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
E. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.
The statute expressly provides that all legal malpractice actions must be brought "within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered;...." Furthermore, even as to actions filed within one year from the date of such discovery, the statute now establishes a three-year peremptive period within which, at the latest (i.e., irrespective of discovery date) all actions must be filed; this period runs from the date of the alleged act. See Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291; Andre v. Golden, 99-689 (La.App. 5th Cir.12/21/99), 750 So.2d 1101, writ denied, XXXX-XXXX (La.3/17/00), 757 So.2d 643; Jones, Walker, Waechter, Poitevent, Carrere and Denegre, L.L.P. v. Homestead Insurance Company, 97-0710 (La.App. 4th Cir.9/10/97), 700 So.2d 233, *700 writ denied, 97-2975 (La.2/6/98), 709 So.2d 742.

APPLICATION OF LAW
In Reeder, our Supreme Court was presented with an argument similar to the "appreciable damage" argument presented by plaintiffs in this appeal, that prescription, pursuant to La. R.S. 9:5605, does not begin to toll until "the facts ripened into a viable cause of action sufficient to support a lawsuit." In Reeder, it was argued that prescription began to run upon the finality of the judgment in the underlying action, rather than the date Reeder's counsel failed to include all state claims in his federal court complaint. The Court rejected this argument, noting "[t]he Legislature was particularly clear in wording La. R.S. 9:5605 so as to leave no doubt as to its intent," and held that the three-year peremptive period of the statute begins to run from the date of the alleged act of malpractice, as clearly stated in the statute, irrespective of the date of discovery. Reeder, 97-0239 at 6-7, 701 So.2d at 1295. Although it left unanswered the question squarely before us, which involves the interpretation of the one-year period of limitation in the statute, we are nevertheless guided by its directive that the statute warrants strict interpretation.
Plaintiffs, citing Carter v. Schott, 96-2722 (La.App. 1st Cir.2/20/98), 707 So.2d 1048, and Braud v. New England Insurance Company, 576 So.2d 466 (La.1991), argue that the "appreciable damage" analysis, applicable to determining when prescription began to run under the law prior to the enactment of La. R.S. 9:5605, is still applicable and that the trial court erred in not following Carter and holding that the statute's one-year period did not begin to run until the exception of prescription was filed in their underlying action.
We find no merit to plaintiffs' arguments for several reasons. Prior to the enactment of La. R.S. 9:5605, a claim for legal malpractice was governed by the liberative prescription of one year, which began to run from the day injury or damage was sustained. La. C.C. art. 3492. The "appreciable damage" analysis was a jurisprudential tool to aid in determining when "injury or damage was sustained" in legal malpractice actions. The Braud case relied on by plaintiffs was decided under the law prior to the enactment of La. R.S. 9:5605, and is, therefore, inapplicable. While the Carter case was decided under the new law, we applied the appreciable damage analysis in determining when prescription began to run. In Carter, we held that a plaintiff's cause of action for malpractice arises on the date an exception of prescription was filed against plaintiff in an underlying action, rather than on the later date the exception was sustained. That decision was based on a finding that the plaintiff incurred appreciable damages on the earlier date. Apparently in Carter, an earlier date of discovery did not exist or was not urged as the beginning of prescription. While the "appreciable damage" analysis may still be useful in certain cases to determine the date of discovery, to the extent that its application yields a date other than an earlier date of discovery, as dictated by the statute's clear and express language, we find it inapplicable.
The determination of the date of discovery in the instant case is greatly facilitated by Mrs. Kennedy's own admission, in a letter written to their current attorney and attached to their petition, that a short time prior to April 28, 1997, they were told by other attorneys that Macaluso had "let the time run out on [their medical malpractice claim]" and that they "would have to put a suite [sic] against him now." Thus, by her own admission, plaintiffs knew of Macaluso's alleged wrongful conduct at the latest *701 by the date of the letter, April 28, 1997. Therefore, their action against him, filed more than one year from the date of discovery, is untimely, and the trial court was correct in so finding. See also, Lambert v. Toups, 99-72 (La.App. 3rd Cir.10/13/99), 745 So.2d 730.

CONSTITUTIONALITY
We now turn to plaintiffs' alternative argument that the trial court erred in not entertaining their claim of unconstitutionality regarding La. R.S. 9:5605. Plaintiffs seek a remand for consideration of this issue and a reevaluation of their prescription arguments in light of the outcome on the constitutionality issue. We find no merit to plaintiffs' argument.
The claim of unconstitutionality in this case was raised in the plaintiffs' petition. The record reveals that the Kennedys complied with the requirements for properly presenting a constitutional issue to the trial court as espoused in Vallo v. Gayle Oil Company, Inc., 94-1238 (La.11/30/94), 646 So.2d 859, 865: the issue was specifically pled in a pleading (their original petition), and the attorney general was served with a copy of that petition, notifying him of the constitutional challenge to the statute. However, the matter was not set for hearing. The hearing at which plaintiffs claim to have been denied the right to argue the constitutionality issue was a hearing set by the trial court specifically to entertain the defendant's exception of prescription. The trial court ruled on the prescription issue, and based on that ruling, which we affirm, the plaintiffs' claim of unconstitutionality falls.
Plaintiffs seem to argue that the applicability of the peremptive period of the statute has not yet been determined in this case, and since their claim of unconstitutionality is based on the peremptory nature of the statute, they contend that they were improperly denied the opportunity to address this issue. According to plaintiffs, we should remand for a hearing on the constitutionality, and thereafter, a reevaluation of the prescription issue in light of the three-year peremptive period.
As stated above, the judgment dismissing plaintiffs' claim on the basis of the one-year period moots the issue. Furthermore, we have previously rejected the argument that the three-year peremptive period may be applied to extend time beyond one year from the date a plaintiff acquired knowledge of the act which gave rise to the malpractice action. Carroll v. Wolfe, 98-1910 (La.App. 1st Cir.9/24/99), 754 So.2d 1038; Vaughn v. Slaughter, 94-0552 (La.App. 1st Cir.3/3/95), 653 So.2d 36, writ denied, 95-0828 (La.5/5/95), 654 So.2d 339. The statute's three-year peremptive period is inapplicable if the action is time-barred by the one-year limitation based on knowledge and discovery. Therefore, the trial court did not err in not allowing the plaintiffs to argue their claim of unconstitutionality; nor is a remand warranted, as the three-year peremptive period is inapplicable.

MOTION TO REMAND
During the pendency of this appeal, defendant filed a motion to remand to have the record supplemented with the alleged denial of the defendants' exceptions of prescription in plaintiffs' underlying medical malpractice action. We referred the motion to the merits of the appeal. We now deny the motion because the evidence sought to be supplemented into the record herein is not properly a part of this record, nor is it necessary to a resolution of the issue presented. Accordingly, the motion to remand is denied.
Finally, for all the foregoing reasons, the judgment dismissing the plaintiffs' claims *702 is affirmed. Costs are assessed to the plaintiffs.
AFFIRMED.
NOTES
[1] Judge Frank Thaxton, III, of the First Judicial District Court, is serving as judge protempore by special appointment of the Louisiana Supreme Court.