_JjCLARENCE E. McMANUS, Judge.
The Plaintiffs, Jimmy and Cheryl Boy-kin, seek relief from the trial court’s granting of summary judgment in favor of the Defendants. Because we find that the Plaintiffs’ claim is perempted under La. R.S. 9:5605, we affirm the judgment of the trial court.
STATEMENT OF THE CASE
The Plaintiffs allege that Mr. Boykin was injured on May 8, 1996, while working on the construction of a condominium unit. They hired the -Defendants as their attorneys in the matter. The Defendants filed a Petition for Damages in the Plaintiffs’ personal injury action on April 25, 1997. The Plaintiffs alleged that the Defendants failed to name one .of the proper defendants in the personal injury action, and as a result the Plaintiffs lost their claim in negligence and any possibility of recovering damages from this defendant. An amended petition was filed on June 9, 1997. The additionally named defendant in the personal injury action filed an exception of prescription. The trial court sustained this exception on May 14, 1999.
On August 10, 1998, Jimmy and Cheryl Boykin filed a legal malpractice action against their attorneys, Daniel Nordurft, J. Van Robichaux, James Nugent, and their professional liability insurer, Coregis Insurance Company. The Defendants filed an Exception of Prematurity arguing that the malpractice claim was not ripe while the | ¡^underlying personal injury litigation was still pending. The Plaintiffs did not oppose this exception. Rather, the Plaintiffs voluntarily dismissed this legal malpractice action against the Defendants.
The Plaintiffs filed the present legal malpractice action on January 31, 2000. The Defendants moved for summary judgment arguing that the Plaintiffs’ claim was perempted under La. R.S. 9:5605. The trial court granted summary judgment in favor of the Defendants, and dismissed the Plaintiffs’ claim.
DISCUSSION
The statute at issue in this case is La. R.S. 9:5605(A), which reads in pertinent part:
No action for damages against any attorney at law .... shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act ... or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
Subsection B states that the “one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.”
Peremption and prescription are two different legal concepts that are often confused with each other. Liberative pre *928 scription is the barring of a cause of action due to the passage of a certain period of time. La. C.C. art 3447. Liberative prescription may be renounced, interrupted or suspended. Peremption, however, is a period of time fixed by law for the existence of a right. That is, the law establishes a certain amount of time that a right will exist, and if the right is not exercised during that period of time, it is lost. Therefore, liberative prescription prevents the enforcement of the right, while peremption destroys the right itself. Pounds v. Schori, 377 So.2d 1195 (La.1979). Conceptually, |3there may not be much difference between the two, but practically, the biggest difference is that peremption cannot be renounced, interrupted, or suspended. La. C.C. art. 3461.
In Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291, the Louisiana Supreme Court was confronted with the application of LSA-R.S. 9:5605. The court held that a legal malpractice action is perempted three years after the date of the alleged negligent act under the clear wording of the statute. The Plaintiffs argue that Reeder is inapplicable to the case at bar because we are dealing here with the one-year time period in LSA-R.S. 9:5605. This argument lacks merit, as there can be no doubt that the Legislature intended both time periods in LSA-R.S. 9:5605 to be peremptive. As stated above, the statute reads in Subsection B that the “one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods.” In fact, the Reeder court noted that “the Legislature was particularly clear in wording La. R.S. 9:5605 so as to leave no doubt as to its intent.” Reeder, 97-0239 at 6-7, 701 So.2d at 1295.
Furthermore, in Kennedy v. Macaluso, 99-3016 (La.App. 1 Cir. 2/16/01), 791 So.2d 697, writ denied, 01-0691 (La.5/4/01), 791 So.2d 655, the court dealt squarely with the applicability of the one-year time period in LSA-R.S. 9:5605. In Kennedy, the plaintiffs filed their legal malpractice action more than one year from the date that they admittedly knew of the alleged act of malpractice. The trial court sustained the defendants’ exception of peremption based on LSA R.S. 9:5605, and the First Circuit affirmed holding that the one-year period in LSA-R.S. 9:5605 is indeed a peremptive period.
In the case at bar, counsel for Plaintiffs seemed to be concerned with the logic of having two different peremptive periods in a single statute. In other words, if the one-year peremptive period destroys the right, then how can the three-year period also destroy the right. In Kennedy v. Macaluso, supra, the court explained the function of the two different time periods:
[E]ven as to actions filed within one year from the date of such discovery, the statute now establishes a three-year per-emptive period within which, at the latest (i.e., irrespective 14of discovery date) all actions must be filed; this period runs from the date of the alleged act.
In other words, the latest one can file a legal malpractice action is three years from the date of the alleged act of malpractice, or one year from the date of discovery of the alleged act of malpractice, whichever occurs first.
The question becomes then, what is the date that the peremptive period commenced for the Plaintiffs’ legal malpractice claim? The date that the Plaintiffs’ personal injury action prescribed was May 8, 1997. The Plaintiffs filed their first legal malpractice action on August 10, 1998. Thus, August 10, 1998, is the latest date at which the Boykins became aware of the alleged act of malpractice. With this in mind we look to the clear wording of the statute, which reads that the legal mal *929 practice claim shall be brought “within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.” The legal malpractice action that is the subject of this appeal was filed on January 31, 2000, well over one year from the date that the act of malpractice was known to the Plaintiffs. Therefore, under La. R.S. 9:5605, their claim is perempted.
In their brief, the Plaintiffs argue that the most reasonable interpretation of La. R.S. 9:5605 is that the one-year period functions as a prescriptive period, not a peremptive period, regardless of how the legislature referred to it. We disagree. The statute unequivocally states that the limitation period is peremptive. This conclusion is supported by the Louisiana jurisprudence. Andre v. Golden, 99-689 (La.App. 5 Cir. 12/21/99), 750 So.2d 1101, writ denied, 00-0174 (La.3/17/00), 757 So.2d 643; Academy Mortgage v. Juarez, 98-963 (La.App. 5 Cir. 6/1/99), 740 So.2d 708; Cardneaux v. Dollar, 31,718 (La.App. 2 Cir. 3/31/99), 731 So.2d 928. In light of all the above, we see no merit in the Plaintiffs’ argument that this one-year period was prescriptive and therefore interrupted by the August 10, 1998 malpractice suit.
Finally, the Plaintiffs argue that the application of the peremptive period is unfair here because they did exercise their right timely, but were forced to dismiss the suit because it was premature. The Plaintiffs filed their first legal malpractice action on [■August 10, 1998. However, the underlying personal injury litigation was still pending. The Defendants filed an exception of prematurity in response to the Plaintiffs first legal malpractice action. The Plaintiffs then dismissed their action. According to the Plaintiffs, this was an involuntary dismissal because the exception of prematurity was valid on its face. We find no proof of such an assertion in the record. The Plaintiffs should not have dismissed their first malpractice action. Once they filed their second legal malpractice action, this was well after one year from the discovery of the alleged act of malpractice. Accordingly, the Plaintiffs’ legal malpractice action is perempted under LSA-R.S. 9:5605. The judgment of the trial court granting summary judgment in favor of the Defendants is hereby affirmed. All costs of this appeal are to be borne by the Plaintiffs.
AFFIRMED.