MAX N. TOBIAS, JR., Judge.
This appeal arises out of the trial court’s granting of an exception of peremption in a legal malpractice action, dismissing the plaintiffs suit. For the following reasons, we affirm.
The plaintiff/appellant, Vanessa Williams (“Williams”), entered into a contingency fee contract for legal services with the defendants/appellees, Gerald P. Webre and Webre Law Firm, A Professional Law Corporation (collectively hereinafter “We-bre”), for representation in connection with an accident that occurred on 19 September 1996. Williams alleged that while working as a security guard at the Holiday Inn Crown Plaza Hotel in New Orleans, she fell over a decorative flower planter in the hotel in the area of the “Expresso Deli” and sustained injuries. On 17 September 1997, Webre filed a suit on Williams’ behalf against Holiday Inn Worldwide (“Holiday Inn”). On 1 June 1998, Williams amended her petition to substitute Bristol Hotel Company (“Bristol”) for Holiday Inn and supplemented the petition to include as defendants Ernest E. Verges (‘Verges”), the architect for the Expresso Deli, and Gulf South Construction Co., of Mississippi (“Gulf South”), the contractor for the construction of the Expresso Deli.
On 11 May 2000, Bristol filed a motion for summary judgment, contending that it was immune to tort suit by Williams because it was Williams’ statutory employer. *860 The trial court granted the motion on 20 June 2001, dismissing Williams’ suit against Bristol.
Thereafter, Verges filed an exception of prescription, arguing that the initial suit against Holiday Inn did not interrupt prescription. The trial court denied the exception, but this court reversed the trial court on an application for supervisory writs by Verges and dismissed all claims against him. Williams v. Holiday Inn Worldwide, 02-0762 (La.App. 4 Cir. 5/15/02), 816 So.2d 998. The Louisiana Supreme Court denied supervisory writs. Williams v. Holiday Inn Worldwide, 02-1875, 02-1906, 02-1983, 02-2116 (La.10/14/02), 827 So.2d 426, 827 So.2d 427, 827 So.2d 428, 827 So.2d 408.
On 30 January 2003, Williams filed the present malpractice suit against Webre, who in turn filed exceptions of peremption and no cause of action on 25 June 2003, arguing that Williams’ claim was perempt-ed by virtue of La. R.S. 9:5605. On 20 August 2003, Williams amended her petition, raising the constitutionality of La. R.S. 9:5605 and requesting service on the Louisiana Attorney General. The trial court heard the exceptions on 26 September 2003 and rendered judgment on 7 October 2003 in favor of Webre finding that Williams’ claims were perempted by L. R.S. 9:5605 and dismissing the suit with prejudice. The trial court did not address the constitutionality of La. R.S. 9:5605. The record on appeal does not reflect that any evidence or testimony was presented to the trial court at the 26 September 2003 trial of the exceptions.
La. R.S. 9:5605 states:
A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission, or neglect occurring prior to September 7, 1990, actions must, in all events, be filed in a court of competent jurisdiction and proper venue on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or neglect. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
C. Notwithstanding any other law to the contrary, in all actions brought in this state against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional law corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized *861 by the laws of this state to engage in the practice of law, the prescriptive and per-emptive period shall be governed exclusively by this Section.
D. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
E. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.
Williams argues that the trial court erred in sustaining the exception of per-emption for the following reasons: the application of La. R.S. 9:5605 to the facts of this case violates (1) La. Const. Art. I, § 22;[1] (2) Williams’ due process rights under La. Const. Art. I, § 2 and the Fourteenth Amendment to the U.S. Constitution; and (3) Williams’ U.S. Constitution First Amendment right to petition for redress of grievances.
An action for legal malpractice is governed by La. R.S. 9:5605. The enactment of the statute, as amended, set the prescriptive period for all legal malpractice claims at one year from the date of the wrongful act, omission, or neglect, or its discovery, coupled with a three year per-emptive period from the date of the wrongful act, omission, or neglect. In Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291, the Supreme Court gave a definitive interpretation of the three year limitation in legal malpractice actions. The Court held that the statute must be applied as written because “[t]he Legislature was particularly clear in wording La. R.S. 9:5605 so as to leave no doubt of its intent.” Id., p. 6, 701 So.2d at 1295. Thus, the applicable time limitations on legal malpractice actions are one year from the alleged act, omission, or neglect, or one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered, and in no event more than at least three years from the date of the alleged act, omission, or neglect. Id.
The Court further concluded that “[t]he Legislature was aware of the pitfalls of this statute but decided, within its prerogative, to put a three-year absolute limit on a person’s right to sue for legal malpractice, just as it would be within its prerogative to not allow legal malpractice actions at all.” Id., p. 10, 701 So.2d at 1297. It expressly recognized “the perceived inequities of this statute,” but held that the date of the negligent act itself, not the judgment giving definitive effect to that act, triggers the one year and three year periods. Id., p. 7, 701 So.2d at 1296. While recognizing the possibility that “a person’s claim may be extinguished before he realizes the full extent of his damages,” the Court held that the establishment of a peremptive statute of limitations is “exclusively a legislative prerogative.” Id., pp. 8-9, 701 So.2d at 1296. Additionally, the Court rejected the argument that a malpractice claim might be dismissed as premature because the determination of the underlying cause in which the wrongful act allegedly occurred was not definitive by judgment. Id., p. 7, 701 So.2d at 1296.
In the case at bar, the “act, omission, or neglect” complained of is Webre’s failure to untimely naming Verges and Gulf South as defendants. That omission or neglect occurred on 19 September 1997, one year from the date of the accident. Under La. R.S. 9:5605, as interpreted by the Supreme *862 Court, any malpractice suit against Webre had to be filed by 19 September 2000, three years from the date of the wrongful act. Williams’ malpractice action was not filed until 30 January 2003, more than 28 months too late. We find no manifest error in the trial court’s ruling that Williams’ claim is perempted.
 “Statutes are presumed constitutional, and the burden of proving that an act of the legislature is unconstitutional is upon the party attacking the act. Moore v. Roemer, 567 So.2d 75, 78 (La.1990). The power of the legislature is plenary, and a party challenging a statute’s constitutionality must articulate a particular constitutional provision that limits the legislature’s powers. Chamberlain v. State, Through DOTD, 624 So.2d 874 (La.1993)” Soloco, Inc. v. Dupree, 97-1256, p. 3 (La.1/21/98), 707 So.2d 12, 14.
In the case at bar, Williams alleges that the peremptive period of La. R.S. 9:5605 denied her due process of law, reasonable access to the courts, and the right to petition for a redress of grievances in violation of both the U.S. and Louisiana constitutions. The record is totally devoid of any proof or evidence of how Williams was denied due process of law, the right of access to the courts, or the right to petition for a redress of grievances. Absent proof or evidence, the constitutional attack fails as a matter of law. See Dauterive Contractors, Inc. v. Landry and Watkins, 01-1112 (La.App. 3 Cir. 3/13/02), 811 So.2d 1242; Kennedy v. Macaluso, 99-3016 (La.App. 1 Cir. 2/16/01), 791 So.2d 697; Turnbull v. Thensted, 99-0025 (La.App. 4 Cir. 3/1/00), 757 So.2d 145. In reaching this conclusion, a further analysis of the constitutionality of La. R.S. 9:5605 is unnecessary.
For the foregoing reasons, we find no manifest error in the trial court’s granting of the exception of peremption. We further find the constitutional argument without merit. Accordingly, the judgment of the trial court is affirmed.

AFFIRMED.

. La. Const. Art. I, § 22 provides: "All courts shall be open and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights."