MAX N. TOBIAS, JR., Judge.
LThe plaintiff, Melba Margaret Sehweg-mann Brown, appeals the trial court’s judgment granting an exception of per-emption [1] in favor of the defendants, Schonekas, Winsberg, Evans & McGoey, L.L.C., Kyle Schonekas, Mark D. Wins-berg, and Elisa Mills (collectively, “Defendant Attorneys”), finding that her claim for malpractice had been perempted. For the following reasons, we affirm the trial court’s judgment.
Ms. Brown, along with several of her family members, co-owned commercial immovable property located at 2222 Saint Claude Avenue in New Orleans (the “property”). In 1999, they leased the property to Marketfare St. Claude, LLC (“Market-fare”), who began operating a Robért Fresh Market grocery store on the property. The property sustained significant damage in 2005 during Hurricane Katrina. In August 2006, Marketfare instituted suit against its insurer, United Fire & Casualty Company (“United Fire”) in the Civil District Court for the Parish of Orleans (“CDC”), seeking to recover insurance proceeds for hurricane-related damages to the property. United Fire removed the case to the United States |2Pistrict Court for the Eastern District of Louisiana (“USDC, EDLA”), Section “J” (“the court”) on the basis of diversity of citizenship in the matter entitled, Marketfare Annunciation, LLC v. United Fire & Casualty Company, bearing civil action number 06-7232 c/w 06-7639, 06-7641, 06-7643, 06-7644 (hereinafter, “federal court action”).
In March 2007, prior to the trial of Marketfare’s insurance claims against United Fire, Ms. Brown’s co-owners intervened in the federal court action, asserting that they had an interest in the insurance proceeds at issue as owners/lessors of the property and additional insureds under the United Fire policy. In response, Market-fare filed a counterclaim against Ms. Brown’s co-owners, alleging they had breached their obligation as lessors to repair the property following the hurricane. On 10 July 2007, a partial summáry judgment was granted in favor of Ms. Brown’s co-owners deeming all owners of the property included in the policy designation “Estate of John Schwegmann” to be additional insuredsfioss payees under the United Fire policy.
The federal court bifurcated the claim for the insurance proceeds from the breach of lease claim; the claims for the insurance proceeds were set for trial. On 28 August 2007, the Defendant Attorneys filed a motion to intervene in the federal court action on behalf of Ms. Brown, which was denied on the basis that the addition of another party prior to trial of the insurance issues could delay or complicate that proceeding and Ms. Brown’s interests were sufficiently aligned with those of her co-owners, who had already intervened, to ensure protection of any interests she had in the proceeds at that trial. The insurance portion of the case proceeded to trial *1178 with Ms. Brown’s co-owners participating in the trial; a jury verdict was rendered in favor of Marketfare and others, resulting in a judgment in | ^accordance with the jury verdict entered on 4 June 2008.[2] Because her motion to intervene had been denied, Ms. Brown did not participate in the proceedings.
Following resolution of the insurance claim, the Defendant Attorneys filed a second motion to intervene in the federal court action on 15 August 2008 on behalf of Ms. Brown, which was granted. On 1 October 2008, in granting Ms. Brown’s second motion, the court ordered that “Melba Margaret Sehwegmann Brown and Guy G. Schwegmann ... are to intervene as plaintiffs versus United Fire & Casualty Insurance Co., and as intervening defendants in regards to the counterclaim by Market-fare” against the co-owners for failure to restore the property.
Following discovery and motion practice, Marketfare obtained a partial summary judgment on 4 February 2009 against Ms. Brown on its counterclaim thereby establishing Ms. Brown’s liability for breaching the lease by failing to timely repair the property. A trial to determine the amount of damages owed Marketfare for breach of the lease was set for 5 October 2009.
After the partial summary judgment was rendered, Ms. Brown expressed concern to the Defendant Attorneys regarding the legal advice they had given to her during the course of their representation in the federal court action. In response, the Defendant Attorneys recommended to Ms. Brown that she seek other legal counsel. As suggested, Ms. Brown then consulted with an Atlanta-based law firm, Kil-patrick Stockton,[3] who was representing her on an unrelated matter. After reviewing the federal court action, the Kilpatrick Stockton attorneys advised Ms. Brown that it appeared the federal court lacked subject matter jurisdiction over Market-fare’s claims against her. Accordingly, the Kilpatrick Stockton attorneys |4drafted a motion to dismiss for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1367(b), which provides that when a case is originally in federal court based on diversity jurisdiction, if diversity of the parties ceases, the federal court lacks supplemental jurisdiction over any claims remaining amongst those parties. At the request of Ms. Brown, after consulting with her Kilpatrick Stockton attorneys, on 17 August 2009, the Defendant Attorneys filed the motion to dismiss, seeking dismissal of Marketfare’s counterclaim for lack of jurisdiction.[4] Marketfare filed an opposition to Ms. Brown’s motion to dismiss, ultimately seeking to have the court exercise its discretionary authority under 28 U.S.C. § 1367(c) to remand the remaining claims to state court for final resolution.
On 2 September 2009, the court granted Ms. Brown’s motion to dismiss for lack of *? subject matter jurisdiction, remanded the federal court action to Civil District Court, and vacated her intervention and the summary judgment rendered against her stating the following, in pertinent part:
ORDERED GRANTED without prejudice, to the extent the court lacks subject matter jurisdiction over Interve-nor’s claims and counter claims of Marketfare, those claims only are ORDERED REMANDED to state court. Alternatively, intervenor’s claims and counterclaims of Marketfare against the Brown and Schwegmann interve-nors are ORDERED dismissed without prejudice.
The court’s rulings of 10-1-08 ... and 2-4-09 ... are ORDERED vacated.
|fiOne year later on 2 September 2010, Ms. Brown filed the instant suit against the Defendant Attorneys alleging seven claims for legal malpractice associated with their alleged negligent representation and handling of her interests in the federal court action. In response, the Defendant Attorneys raised exceptions of peremption as to all seven malpractice claims and, alternatively, moved for summary judgment. Prior to the hearing on the Defendant Attorneys’ exception, Ms. Brown conceded that six of her seven claims were time-barred by La. R.S. 9:5605 A.
The sole remaining claim concerned Ms. Brown’s contention that the Defendant Attorneys caused her to intervene into the federal court action when the federal district court lacked subject matter jurisdiction, thereby exposing her to needless attorney’s fees and costs. A hearing on the peremptory exception, alternatively, motion for summary judgment, as to this claim was held on 26 October 2012. The issues presented at the hearing included: (1) whether the Defendant Attorneys’ gave negligent advice to Ms. Brown (recommending that she intervene in the federal court action) more than three years prior to the filing of her malpractice action, and (2) whether that advice was or should have been discovered more than one year prior to the filing of the instant suit. Following oral argument, the trial court ruled from the bench maintaining the Defendant Attorneys’ exception and dismissing Ms. Brown’s remaining claim with prejudice. Judgment was signed on 16 November 2012 and this timely devolutive appeal ensued.
In rendering judgment, the trial court gave the following oral reasons:
The court has two reasons for granting this motion for summary judgment or exception of peremption. The first reason is the court finds that Ms. Brown had within 16one year of July 2009, to file her petition for damages to fall within the one-prescriptive period as provided by Revised Statute 9:5605.
In regards to the peremptive period set forth in Louisiana Revised statute 9:5605(A), the court finds that it is not subject to [the] continuing tort doctrine such that it cannot be suspended, interrupted, or renounced. Here a review of the record reveals that the act of the alleged error upon which plaintiff asserts her claim occurred in 2007 when the defendants attempted to intervene in the federal court case. Subsequently, on September 2, 2010, plaintiff filed the instant legal malpractice suit in state court against the defendants. The court views her allegations from 2007 and 2008 as a single tort with a single peremptive period. Accordingly, the defendants’ exception of peremption is hereby sustained.
La. R.S. 9:5605 A provides that an action for legal malpractice must be brought within one year of the date of the act, omission, or neglect, or within one year of the date of discovering the act, *1180 omission, or neglect and within three years of the date of the act, omission, or neglect. Jenkins v. Starns, 11-1170, p. 13 (La.1/24/12), 85 So.3d 612, 620.[5] Because the one and three-year periods are per-emptive, they cannot be renounced, interrupted, or suspended. La. C.C. art. 3461. Boykin v. Coregis Ins. Co., 01-301, p. 3 (La.App. 5 Cir. 10/17/01), 800 So.2d 926, 928. Thus, a legal malpractice action must be filed within one year from the date of the discovery, but no later than three years from the date of alleged act of malpractice, whichever occurs first. Otherwise, the right to bring the malpractice action is extinguished and thus lost. Id., pp. 3-4, 800 So.2d at 928.
|7In the instant case, the alleged malpractice is the Defendant Attorneys’ filing of the intervention on behalf of Ms. Brown in the federal court action when no federal subject matter jurisdiction existed over Marketfare’s counterclaim. In determining that Ms. Brown’s malpractice claim had perempted, the trial court found that Ms. Brown discovered or should have discovered in July 2009, when, after consulting with the Kilpatrick Stockton attorneys, she was advised that she should seek dismissal of Marketfare’s counterclaim against her because the federal court lacked subject matter jurisdiction over the counterclaim once the claim against United Fire was resolved. Accordingly, the trial court held that Ms. Brown had one year from July 2009, the date of the discovery of the act of malpractice, to file the instant suit against the Defendant Attorneys for legal malpractice. We agree.
It is well-settled that “notice to a client’s attorney, actual or otherwise, is imputed to the client.” Lirette v. Roe, 93-0441, p. 2 (La.App. 4 Cir. 1/13/94), 631 So.2d 503, 505. The parties do not dispute that Ms. Brown was alerted by the Kilpa-trick Stockton attorneys in July 2009 of the jurisdictional issue and that with their help, the Defendant Attorneys filed a motion to dismiss Marketfare’s counterclaim on 17 August 2009 for lack of subject matter jurisdiction, which was granted on 2 September 2009. Clearly, both the Kil-patrick Stockton attorneys and the Defendant Attorneys had notice of the federal court’s lack of subject matter jurisdiction in July 2009 when they consulted on the matter or, at the very latest, on 17 August 2009, when the motion to dismiss for lack of jurisdiction was filed. Ms. Brown argues, however, that merely knowing that a jurisdictional problem existed, coupled with the filing of a motion to dismiss, was insufficient to commence the time running on her malpractice claim. Rather, she contends that it was not until |sthe judge actually issued judgment granting the motion to dismiss on 2 September 2009 that she had sufficient knowledge of facts upon which to state a cause of action against the Defendant Attorneys for legal malpractice.
In Lirette, supra, we held that peremption on a legal malpractice claim for failure to timely file suit began to run when the exception of peremption was filed into court, rather than when the exception was granted and, therefore, the plaintiffs argument that she had no cause of action for legal malpractice prior to the issuance of the judgment maintaining the exception *1181 was clearly wrong. Id., p. 2, 631 So.2d at 505. It follows therefrom that, in the case sub judice, peremption on Ms. Brown’s malpractice action for filing an intervention on her behalf into a claim over which the federal court lacked jurisdiction began to run — at the latest — when the motion to dismiss for lack of jurisdiction was filed and not when the judgment granting the motion was rendered. Accordingly, we find the trial judge correctly determined that Ms. Brown’s malpractice action was already perempted at the time she filed suit on 2 September 2010.
Having determined that Ms. Brown’s malpractice action was perempted one year from the date she knew or should have known of the act of malpractice, we pretermit the issue of whether the act of malpractice occurred in 2007, when the Defendant Attorneys first attempted to intervene on her behalf in the federal court action, or in 2008, when the second intervention on her behalf was filed.
For the foregoing reasons, we affirm the judgment of the trial court dismissing the plaintiffs legal malpractice action on the basis of peremption.

AFFIRMED.

. Persons frequently refer to peremption as prescription in the context of a claim for legal malpractice. However, under La. R.S. 9:5605, the correct concept is that of peremption, not prescription. Therefore, in this case, we understand counsel's references to prescription to mean peremption. See Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291.

. The judgment contained in the record is erroneously dated 4 June 2006 instead of 4 June 2008.

. The law firm of Kilpatrick Stockton is now Kilpatrick Townsend.

. The motion to dismiss noted that pursuant to 28 U.S.C. § 1367(b), where original jurisdiction is founded solely upon diversity of citizenship, "[djistrict courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule ... 24 of the Federal Rules of Civil Procedure ... where exercising supplemental jurisdiction would be inconsistent with die jurisdictional requirements of § 1332.” Because Ms. Brown and her co-owners had been made parties under Rule 24, the motion prayed that the court dismiss Mar-ketfare’s counterclaim and vacate the 2 February 2009 order granting partial summary judgment.

. In Jenkins the Louisiana Supreme Court held that peremption commences to run in a legal malpractice case when a claimant knew or should have known of the existence of facts that would have enabled him or her to state a cause of action for legal malpractice. Jenkins, p. 13, 85 So.3d at 620-622. A claimant’s mere apprehension that something may be wrong is insufficient to commence the running of peremption unless the claimant knew or should have known through the exercise of reasonable diligence that a problem may have been caused by acts of malpractice. Id.