731 So.2d 928 (1999)
Warren D. CARDNEAUX, Plaintiff-Appellant,
v.
Johnny E. DOLLAR, Defendant-Appellee.
No. 31,718-CA.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1999.
*929 Lowe, Stein, Hoffman, Allweiss & Hauver by Marynell L. Piglia, New Orleans, Counsel for Appellant.
Hudson, Potts & Bernstein, L.L.P. by James A. Rountree, Monroe, Counsel for Appellee.
Before NORRIS, GASKINS and CARAWAY, JJ.
CARAWAY, J.
In this action for legal malpractice, Warren D. Cardneaux ("Cardneaux") contests the trial court's sustaining of Johnny E. Dollar's ("Dollar") exception of prescription. Finding that Cardneaux knew of the alleged neglect of his attorney for over one year prior to the time of this suit, we affirm.

Facts
On November 8, 1993, Cardneaux, a sales manager at Prudential Insurance Company's ("Prudential") Monroe, Louisiana branch, was informed that he would be demoted to a sales agent, effective November 25, 1993. Cardneaux consulted Dollar in June 1994 and on November 17, 1994, Dollar opened a file regarding Cardneaux's age discrimination claim against Prudential. On November 21, 1994, Dollar filed a charge of discrimination on Cardneaux's behalf with the Equal Employment Opportunity Commission ("EEOC").
On December 22, 1995, Cardneaux filed a lawsuit in federal court against Prudential asserting federal and state law age discrimination claims. On April 27, 1996, Prudential filed an answer alleging that Cardneaux's suit was untimely. On August 16, 1996, Allen Harvey, Cardneaux's attorney at the time, wrote Cardneaux a letter discussing the potential problem of Prudential's prescription defense and observing that Cardneaux might have a claim against Dollar for failing to timely file the EEOC claim. After proceedings in federal court regarding Prudential's prescription claim, on March 21, 1997, the court dismissed Cardneaux's claims against Prudential as time-barred because Cardneaux failed to file suit within one year of his demotion.
On October 24, 1997, Cardneaux filed suit against Dollar for legal malpractice. Dollar responded by filing an exception of prescription. The trial court sustained Dollar's exception and a judgment dismissing Cardneaux's legal malpractice action was entered on May 5, 1998.

Discussion
Prescription on claims for legal malpractice is governed exclusively by La. R.S. 9:5605 which provides, in pertinent part, as follows:
A. No action for damages against any attorney at law duly admitted to practice in this state, ... whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
B.... The one-year and three-year periods of limitation provided in Subsection *930 A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
The recent opinion of our supreme court in Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291, provides primary guidance for the interpretation of this statute which was first enacted in 1990. The court in Reeder strictly applied the statutory language specifying "the date of the alleged act, omission, or neglect" as the triggering event for the running of the three-year period of limitation. In so ruling, the court determined that the so-called "continuous representation rule" of the pre-1990 jurisprudence did not apply to delay the three-year peremption. Additionally, the court's ruling effectively rejected the former realization of damages analysis applied in pre-1990 settings. Id. at 1298. Under that earlier analysis, the courts fixed the running of prescription, not from the time of the negligent act of malpractice, but from the time that "appreciable and actual harm" began to flow to the client in an underlying action where the malpractice of the attorney is used by the opposing litigant to defeat the client's suit. Brand v. New England Ins. Co., 576 So.2d 466 (La.1991).
In Reeder, the supreme court recognized the attorney's act of filing the client's suit in federal court and his negligent failure to include certain state law claims as the critical event for operation of the statute. On that date, although the client obviously did not know of his attorney's negligence and no appreciable harm may have immediately occurred, the three-year peremptive period began. Although Reeder specifically addressed only the application of the three-year limitation, the same statutory "date of the alleged act, omission, or neglect" triggers the running of the one-year period of peremption assuming the client can immediately recognize that the act of malpractice occurs. In the more typical setting where the client's discovery of the act of malpractice occurs at a later date, the one-year limitation only begins to run from date of discovery but in any event, the date of discovery by the client or whether the malpractice is discovered at all does not prevent the running of the three-year peremptive period.
In view of the malpractice statute as interpreted by Reeder, Cardneaux's claim has prescribed. Dollar's alleged act of malpractice in this instance would have had to have occurred within 1994, apparently not later than November 25, 1994, one-year from the date of Cardneaux's demotion at Prudential. Inaction during that period of time served as the basis of Prudential's prescription defense which it first asserted in its April 1996 answer to the federal court suit. In April 1996, Cardneaux was represented in the federal court by Allen Harvey. Thus, if Cardneaux was not aware of Dollar's actions in April 1996, he was clearly apprised of the possible act of malpractice through Harvey's letter to him on August 16, 1996. In fact, since Harvey had previously practiced law with Dollar during 1994, he appropriately concluded his letter to Cardneaux acknowledging any conflict of interest on his part and stating:
"While you expressed to me the sentiment that you would not take any action against Johnny Dollar if you determined you were prejudiced by him, I cannot properly let it go at that and not encourage you to have independent legal counsel review this matter."
The present suit having not been filed within one year of Harvey's notification to Cardneaux, Dollar's defense of prescription is correct.

Conclusion
The trial court's judgment sustaining Dollar's exception of prescription is affirmed. Costs of this appeal are assessed to appellant.
AFFIRMED.