J^CLARENCE E. McMANUS, Judge.
Plaintiff appeals the trial court’s judgment granting defendant’s exceptions of prescription and no cause of action. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

In 1984, Plaintiff, Jessie Kaigler, filed a suit for workers’ compensation through then counsel Carl Barbier. Sometime later, defendant in this case, David Oestr-eicher assumed plaintiffs representation. Mr. Kaigler was awarded weekly compensation benefits along with “back due” benefits. These benefits were paid to plaintiff via defendant through 1999 with defendant’s attorney fees deducted from said payments. At some point in 1999, plaintiff complained to defendant that defendant was not sending timely payments to him. Defendant contended that the payments were being sent to his office on an irregular basis from plaintiffs former employer. From that point on, the checks were sent directly from the employer to plaintiff without any further deductions for attorney fees.
On March 19, 2001, plaintiff filed a petition for declaratory judgment and refund of attorney fees asserting that his attorney was only entitled to receive 20% of the first $10,000.00 paid in back due benefits and 10% thereafter. However, in order to receive these fees, defendant had to obtain court approval. Because defendant did not do so, plaintiff asked the court to decide whether the fee was authorized and return the fee if the court determined said fee was unauthorized. In response, defendant filed exceptions of prescription and no cause of action arguing plaintiffs petition was either 5, 10, 12 or 15 years too late depending on which prescriptive statute the trial court applied. Assuming arguen-do that a cause of faction exists in this ease, defendant noted plaintiff was at least aware of that cause of action when he first received his benefit checks minus attorney fees. Defendant contends that a cause of *481 action does not exist because even if the attorney fees were unauthorized or unenforceable, plaintiff is not entitled to a refund of those fees by law.
After a hearing, the trial judge granted defendant’s exceptions, stating:
Okay. I’m going to grant your Exception of Prescription. It is well past any time lines that the law allows. And just out of an abundance of caution, I’m also going to grant your Exception of No Cause of Action.
The law states it’s not enforceable; doesn’t say its not collectible.
Plaintiff now appeals this judgment.

DISCUSSION

The crux of plaintiffs argument is twofold. First, defendant did not obtain court approval for his fee making that fee somehow null and void even though the fee may not have been unreasonable or contrary to law. Second, workers’ compensation law does not assign a prescriptive period for questioning an attorney fee. Thus, plaintiff believes this action is not prescribed essentially because the fees were subtracted from his ongoing benefit payments and a fee was never approved by the Workers’ Compensation Judge, and he is entitled to a refund. In support he relies on McKinney v. Little, 95-177 (La.App. 3 Cir. 5/31/95), 660 So.2d 494. That case addresses the merits of plaintiffs claim that defendant’s attorney fees were unauthorized, not any prescription issues.
The potential prescriptive periods at issue are: La. Civ.Code art. 3492, which provides a liberative prescription of one year with prescription commencing from the day injury or damage is sustained; La. Civ.Code art. 3494, which provides a liber-ative prescription of three years for an “action for the recovery of compensation for services rendered, including payment of salaries, Uwages, commissions, tuition fees, professional fees, fees and emoluments of public officials, freight, passage, money, lodging, and board;” La. Civ.Code art. 3497, which provides a liberative prescription of five years; and La. Civ.Code art. 3499, which provides a liberative prescription of ten years for personal actions.
The prevailing jurisprudence indicates that the type or character of the action first must be determined in order to assess what prescriptive period is applicable to a particular action. Starns v. Emmons, 538 So.2d 275, 277 (La.1989). We find that the instant claim is akin to a personal action to rescind or reform a contract and, as such, prescribes in ten years. Shreveport Credit Recovery, Inc. v. Modelist, 33-369 (La.App. 2 Cir. 5/15/00), 760 So.2d 681 (finding that an action for overbilling against a law firm is a personal action and prescribes in ten years).
The instant case was initiated by plaintiff against his employer in 1984. Plaintiff received his benefit checks and apparently acquiesced to the payment of attorney fees until 1999. This suit was filed on March 19, 2001. The record does not contain any evidence of when plaintiff actually began to receive his benefit checks from defendant. The rule as to the exception of prescription is that the party urging it has the burden of showing that it has run on the claim asserted. Spott v. Otis Elevator Co., 601 So.2d 1355 (La.1992). However, once it is evident on the face of the pleadings that prescription has indeed run, the opposing party then has the burden of showing that the prescriptive period has been interrupted or suspended, or never commenced to run. Id.
It is clear on the face of the record that whatever claim plaintiff might have stated against the defendant has long since prescribed. On that showing, the burden shifted to plaintiff to show some interrup *482 tion or suspension of prescription, or that prescription never began to run. Based on the record before this Court, we find that defendant met his burden to show that plaintiffs action has prescribed and that plaintiff has not shown that prescription was interrupted or suspended, or Rnever commenced to run. Accordingly, we decline to address the issue of whether plaintiffs petition for damages stated a cause of action against defendant in this case.

CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court sustaining the peremptory exception of prescription.
AFFIRMED.