DENNIS R. BAGNERIS, SR., Judge.
11 Plaintiffs/appellants, George Burch and Bryan Burch (the “Burches”), appeal the trial' court’s judgment of April 7, 2014 which granted the exceptions of res judica-ta and peremption filed by defendants/ap-pellees, Thomas A. Roberts — the Burches’ *204 former counsel — and Continental Casualty Company and CNA Insurance Company (“Continental”), the insurer. For the reasons that follow, we affirm.
FACTS/PROCEDURAL HISTORY
The exceptions of res judicata and per-emption maintained in the present judgment relate back to a previous judgment rendered on April 29, 2013. In that judgment, the trial court granted the exception of peremption asserted by Roberts’ law firm, Barrasso Usdin Kupperman & Sar-ver, L.L.C. (“Barrasso”). In order to fully address the issues raised in the present appeal, we shall first delve into the facts of the April 29, 2013 judgment.

April 29, 2013 Judgment

This judgment arises from the Burches’ retention of Barrasso in November 2007 to represent the Burches in a complaint filed against them by their sister and her son. Roberts served as lead attorney. The sister’s suit alleged that the Burches had improperly taken assets from their incapacitated mother. On September 24, 122008, the Burches agreed to settle that suit. In March 2009, the Burches made their final payment under the settlement agreement. This concluded Barrasso’s representation.
During the course of their representation, Barrasso submitted monthly billing statements. The statements described the legal services rendered. The Burches paid over $200,000 in fees and costs.
In July 2011, Barrasso filed a Petition on Open Account, contending that the Burches owed Barrasso $50,039.27 in outstanding fees and costs. On October 27, 2011, the Burches countered with a recon-ventional demand and third party demand against Barrasso and its professional liability carrier. The reconventional demand alleged in part that Barrasso and Roberts had failed to vigorously represent their interests; had engaged in minimal motion practice; recommended an onerous settlement; engaged in excessive' billing; committed fraud and deception in overstating the time and effort spent on the case; and had breached their fiduciary duty to the Burches. This breach allegedly resulted in damages of $1,300,000.
In response to the reconventional demand, Barrasso filed an exception of per-emption. See La. C.C. art. 3458; see also La. C.C. art. 3461.[1] The exception maintained that the reconventional demand was based in legal malpractice. As the |sreconventional demand was not brought on a timely basis, Barrasso averred that it was perempted pursuant to La. R.S. 9:5605.[2]
*205 As part of their opposition, the Burches filed several other pleadings. These pleadings included: Motion For Partial Summary Judgment Regarding The Doctrine of Obvious, Per Se Negligence (Liability) And (ii) The Applicability Of The Louisiana Unfair Trade Practices And Consumer Protection Act To The Legal Profession (Damages); Motion And Incorporated Memorandum For Leave To File |4First Amended And Supplemental Recon-ventional Demand And Third Party Demand; and Motion To Compel Amended Responses To Requests For Admissions Of Facts.[3]
The trial court conducted the hearing on Barrasso’s Peremptory Exception of Per-emption and the Burches’ Motion for Partial Summary Judgment, Motion for Leave to File First Amended and Supplemental Demand and Third Party Demand, and Motion to Compel on April 11, 2013. On April 29, 2013, it granted Barrasso’s exception of peremption and dismissed the Burches’ Reconventional Demand and their Third Party Demand. It also denied the Burches’ Motion for Partial Summary Judgment, Motion for Leave to File First Amended and Supplemental Demand and Third Party Demand, and the Motion to Compel. The trial court’s reasons for judgment included the following:
The “acts, omissions, or neglects” complained of in the Burches’ Reconven-tional Demand and Third Party Demand are the firm’s failure to vigorously defend the underlying action, for advising them to enter into an inequitable settlement, and for overstating time and effort, which amount to fraud. Those alleged “acts, omissions, or neglects” all occurred prior to or on September 24, 2008, which was the date of the Settlement Agreement. The Reconventional Demand and Third Party Demand was not filed until October'27, 2011, and is on its face perempted.
The Burches defend against peremption by asserting that fraud has been *206 alleged and pursuant to La. |sR.S. 9:5605(E), the peremptive period is inapplicable. The Burches also assert that the “continuous representation rule” suspends the running of the peremptive period.
First, the law is clear that the “continuous representation rule” does not apply to suspend the peremptive period, as the doctrine is a suspension prinéiple based on contra non valentón, which applies only with respect to prescription, not peremption. Reeder v. North, 701 So.2d 1291 (La.1997). Additionally, even if it did apply, the Burches still did not file their Reconventional Demand and Third Party Demand within one year of the date that the Barrasso. firm’s representation of the Burches ended, which the parties concede was in April 2009. sions, and neglects” occurred prior to or at the time of the Settlement Agreement on September 24, 2008, and the Burches had sufficient knowledge at that time to put them on notice of the alleged deception and fraud. The Burches did not file suit until October 27, 2011, over one year later.
Second, if fraud is proven, the three-year peremptive period is inapplicable. The presence of fraud notwithstanding, however, the one-year peremptive period is always applicable, and the malpractice action based on fraud must still be brought within one year of the alleged fraudulent act, omission, or neglect or within one year from the alleged act is discovered or should have been discovered. Dauterive Contractors, Inc. v. Landry and Watkins, 811 So.2d 1242 (La.App. 3 Cir.2002). In this matter, the Burches allege that “the Barrasso firm’s pattern of billing in a fashion that led them to believe that intense preparation was taking place and in a fashion that overstated the time and effort spent on their case constituted deception and fraud ... ”. The defense of this action ended with the Settlement Agreement on September 24, 2008. Further, according to the Burches, they received monthly billing statements from the time representation commenced in November 2007 until it ended in April 2009. However, all of the alleged “acts, omis-
Therefore, the Exception of Peremption shall be maintained and the Burch-es’ Reconventional Demand and Third Party Demand shall be dismissed.
Although the Burches’ claim for fraud as it relates to overbilling will be dismissed, the Burches continue to have the right to defend the original action for fees due | fiby challenging the amount and/or reasonableness of the fees.
The Burches’ Motion For Partial Summary Judgment on the applicability of the La. Unfair Trade Practices and Consumer Protect Act and on the issue of liability under the doctrine of “obvious negligence”, shall be denied. The claims alleging “obvious negligence” are per-empted. ■ However, even if they were not perempted, the Court finds that the doctrine of “obvious negligence” would not apply in this matter. Further, at the time the Motion for Summary Judgment was filed by the Burches, they had not made any claims under the La. Unfair Trade Practices and Consumer Protection Act (LUTPA).
The Burches also sought leave to amend their Reconventional Demand and Third Party Demand to assert claims under the LUTPA, La. R.S. 51:1401, et seq. However, after hearing argument on the issue, but prior to the Court’s ruling, counsel for Bryan and George Burch informally advised the Court that they would be filing pleadings to withdraw their Motion for Leave. Based on the representations of counsel *207 for the Burches, the Motion for Leave to Amend will be denied as moot.
Finally, the Court finds no merit to the Burches’ Motion to Compel Amended Responses to Requests for Admissions and that Motion shall be denied.
On September 9, 2013, the trial court denied the Burches’ Motion for Entry of Partial Final Judgment. Thereafter, it denied their Notice of Intent to seek Writs from the April 29, 2013 judgment as untimely. The Burches never lodged an appeal from this judgment.
We now turn to the facts behind the April 7, 2014 judgment that is presently on appeal.
| tApril 7, 20U Judgment
The Burches filed a separate action against Roberts and Continental, in its capacity as the insurer of Barrasso and Roberts, on October 29, 2013.[4] In this complaint, the Burches asserted that they had a cause of action and right of action under the Louisiana Unfair Trade Practices And Consumer Protection Action (“LUTPA”).[5] The complaint argued that Roberts and Barrasso had engaged in a practice of fraudulent overbilling; misrepresented the amount of effort the firm put into the Burches’ defense; breached their fiduciary duty to the Burches, resulting in damages in excess of $1,300,000; and caused mental anguish and humiliation. Noting that their complaint arose from the same nucleus of facts addressed in Barras-so’s suit on the open account, the Burches requested that the new complaint be consolidated with and transferred to the trial court division with jurisdiction on the open account litigation. The trial court granted the motion to consolidate. In response to the Burches’ new. action, Roberts filed .peremptory exceptions of res judicata and peremption. As to the exception of res judicata, Roberts asserted that the claims made in this action were the same ones urged in the Burches’ |sreconventional demand against Barrasso. Roberts noted that the trial court had already decided that the Burches did not timely file their legal malpractice claims; and as a result, had granted Barrasso’s exception of per-emption and dismissed the reconventional demand with prejudice. Roberts further referenced that as the Burches did not appeal the judgment, it had become final.
In support of his peremption exception to the new complaint, Roberts reiterated that the trial court had already determined that these same legal malpractice claims were perempted under La. R.S. 9:5605. *208 He added that in the event the trial court were to consider the Burches’ LUTPA action, LUTPA also only provides for a oné-year peremptive period in which to assert a right of action. Roberts noted limitations periods under peremption cannot be renounced, interrupted, or suspended. See La. C.C. art. 3461. As such, he argued that under the time guidelines of either statutory scheme, the Burches had waited too late to file suit.
On March 14, 2014, the trial court conducted a hearing on Roberts’ exceptions of res judicata and peremption. The parties stipulated that all evidence presented at the April 11, 2013 hearing on Barrasso’s exception of peremption would be introduced in support of and in opposition to Roberts’ res judicata and peremption exceptions and that all objections from the prior hearing would be preserved.
On April 7, 2014, the trial court entered judgment maintaining Roberts’ exceptions of res judicata and peremption.
This appeal followed.
| nL AW/DISCUSSION
In this appeal, the Burches’ assignments of error list errors from the April 29, 2013 judgment (hereinafter, the “reconventional judgment”) that dismissed their reconven-tional demand, as well as the present judgment of April 7, 2014 that granted Roberts’ exceptions of res judicata and peremption. They specify that the district court committed the following errors:
(i) clear error in granting the Exception of 9:5605(A) Peremption without considering compelling evidence of fraud pursuant to 9:5605(E);
(ii) clear error in granting the Exception of 9:5605(A) Peremption without considering compelling evidence of egregious over-billing and without considering the law as set forth in Shreveport Credit Recovery v. Modelist, 760 So.2d 681 ([La.App.] 2nd Cir.2000);
(iii) clear error in declining to admit compelling evidence of fraud, resulting in Proffers 1, 2, 3, 4, and 5;
(iv) clear error in ignoring Attorney General Opinion 12-0083 as to the applicability of the Louisiana Unfair Trade Practices and Consumer Protection Act to the legal profession;
(v) clear error in DISMISSING the Petition for Breach of Contract filed in consolidated suit Number 2013-10185 naming Continental Casualty Company as a defendant and articulating a claim under LUTPA, asserting a continuing and affirmative obligation to disclose misrepresentations-starting any prescriptive or peremptive period anew each day under LUTPA—Capital House v. Perryman, 725 So.2d 523 ([LaApp.] 1st Cir.1998); and
(vi) clear error in DENYING a compelling Burch motion to amend responses to Requests for Admission as admitted.
At the onset, we note that the only judgment before this Court for review is the April 7, 2014 Roberts judgment. The reconventional judgment determined the merits of Barrasso’s claim that the Burch-es’ reconventional demand was perempted and resulted in the dismissal of the recon-ventional demand with prejudice. The Burches did not timely appeal the recon-ventional judgment. Thus, the reconven-tional judgment' became a final judgment. See La. C.C.P. art. 1841. Our jurisprudence holds that once a final judgment acquires the authority of the thing adjudged, no court has jurisdiction to change the judgment, regardless of the magnitude of the final judgment’s error. See Avenue Plaza, L.L.C. v. Falgoust, 96-0173, p. 5 (La.7/2/96), 676 So.2d 1077, 1079. Accordingly, this Court will not In consider the merits of the reconventional judgment, in *209 particular, whether the trial court erred in rendering that judgment. Instead, our review of the reconventional judgment shall be limited to whether or not the parties to that judgment and the issues decided in that judgment were sufficient to maintain the exceptions of res judicata and peremption based on the allegations raised in the Burches’ complaint against Roberts. Our review begins with consideration of the exception of res judicata.

Exception of Res Judicata

La. R.S. 13:4231 outlines the application of res judicata as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any .issue actually litigated and determined if its determination was essential to that judgment.
Based on the language of the statute, established jurisprudence provides that the following five elements must be satisfied to determine that a second action is precluded by res judicata. The five elements are as follows: 1) the judgment is 112valid; 2) the judgment is final; 3) the parties are the same; 4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and 5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject of the first litigation. Chevron USA, Inc. v. State, 07-2469, p. 10 (La.9/08/08), 993 So.2d 187, 194. We now consider whether these elements were met in the case sub judice.

Valid Judgment

This first element is easily met. The record shows that neither party disputes the validity of the reconventional judgment.

Final Judgment

The Burches do contest whether the reconventional judgment was a final judgment. They argue that it was not a final judgment because it did not dispose of the entire case, noting that Barrasso’s main demand on the open account was still pending. However, this position is in error. As previously discussed herein, the reconventional judgment constitutes a final judgment on the merits because it terminated the Burches’ reconventional demand with prejudice. La. C.C.P. art. 1841.

Same Parties

The Burches are the petitioners in the reconventional demand and in the present complaint. Roberts, as an equity member of the Barrasso law firm, appears in the same capacity in the present complaint as he did in the reconventional demand. Continental, although not expressly named as a defendant in the re-conventional demand, also appears in its capacity as Roberts’ and Barrasso’s insurer in both actions. Accordingly, the parties are the same.

*210
Existence of the Cause/Causes of Action

| i8In both complaints, the Burches raise causes of action that arise from their retention of Barrasso and Roberts as their legal counsel. Each action references the same alleged bad acts and covers the same finite period of representation. The Burches cite no new claim in the present complaint that did not already exist when they filed their reconventional demand. Hence, we find that the causes of action asserted in the present suit existed at the time of final judgment in the reconventional demand.

Same Transaction/Occurrence

Our remaining and “chief inquiry” is whether the second action asserts a cause or causes of action that arise out of the transaction or occurrence which was the subject matter of the first action. See Burguieres v. Pollingue, 02-1385, p. 7 (La.2/25/03), 843 So.2d 1049, 1053. We conclude that it does. A review of the present action and the first action shows that each arises- from the same transaction or occurrence, namely, Barrasso’s and Roberts’ alleged substandard and fraudulent representation of . the Burches in connection with the complaint filed against them by their sister. Both actions essentially seek relief based on claims that Bar-rasso and Roberts engaged in fraudulent overbilling; failed to vigorously represent their interests; and improperly coerced the Burches into entering a settlement agreement that was adverse to their interests.
The standard of review of a peremptory exception of res judicata requires the appellate court to determine if the trial court’s decision is legally correct or incorrect. Sutter v. Dane Investments, Inc., 07-1268, p. 3 (La.App. 4 Cir. 6/04/08), 985 So.2d 1263, 1265.
All of the elements to sustain an exception of res judicata are met in the present matter. This finding precludes re-litigation of the allegations raised in the 114Burches’ second complaint. Accordingly, we hold the trial court did not err in granting Roberts’ exception of res judica-ta.
This Court now turns to whether the trial court erred in granting Roberts’ exception of peremption.

Exception of Peremption

Our review of this exception considers whether the trial court properly found that the doctrine of peremption precluded the Burches’ complaint against Roberts under La. R.S. 9:5605 and LUTPA.

La. R.S. 9:5605

The Burches contend that the trial court erred in granting the exception of peremption under La. R.S. 9:5605(A) without considering “compelling” evidence of fraud .and over-billing and in declining to admit “compelling” evidence of fraud. This argument apparently rests on the Burches’ contention that their claims of fraud and overbilling are not subject to the peremp-tive limits of La. R.S. 9:5605 because they are not malpractice claims as contemplated by the statute.[6]
The problem with this argument is that the trial court already decided that the Burches’ fraud and over-billing claims were legal malpractice claims controlled by *211 La. R.S. 9:5605. It reached this determination when it granted Barrasso’s exception of peremption in the reconventional judgment. Thus, this Court shall not revisit any issues regarding the applicability of La. R.S. 9:5605 to the present matter; and accordingly, we need not address the Burches’ claims that the trial court erred in failing to admit -evidence to support their substantive claims |1Bof fraud and over-billing. These evidentiary issues go the merits of their overbilling and fraud claims. While they may be considered as a defense to Barrasso’s petition on the open account, they are not probative or relevant as to whether the trial court properly granted the exceptions of res judicata or peremption, the only issues presently before this Court for review.[7] Having decided that La. R.S. 9:5605 controls the Burches’ action, our review returns to whether the trial court erred, in-granting the exception of peremption.
This Court in Miralda v. Gonzalez, 14-0888 (La.App. 4 Cir. 2/4/15), 160 So.3d 998, 1017, recently summarized the governing principles regarding the timeliness of a legal malpractice claim as follows:
The timeliness of a legal malpractice claim is measured by La. R.S. 9:5605. “This measure of timeliness is a peremp-tive-not prescriptive period of time.” Section B of the statute provides that “[t]he one-year and three-year periods of limitation provided in Subsection A of this Section are preemptive periods the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.” La. R.S. 9:5605(B)
[[Image here]]
“The statute itself is clear and unambiguous, and our jurisprudence interpreting this statute is well-settled.” Under the statute, “[a]n action for legal malpractice must be brought within one year of the date of the act, omission, or neglect or within one year of the date of discovering the act, omission or neglect. In all events, a claim must be filed within three years of the date of the act, omission or neglect regardless of when the act, omission or neglect is discovered.” Moreover, the Louisiana Supreme Court has recognized the clear legislative intent of this statute and its “perceived inequities.”
Id. (internal citations omitted).
|ifiIn the instant case, the trial court, in its reasons for judgment, noted that the Settlement Agreement, which was entered into on September 24, 2008 marked the end of the defense of the underlying action. The trial court further noted that the Burches acknowledged that “they received monthly billing statements from the time representation commenced in November 2009 until it ended in April 2009.” The trial court still further noted that all the alleged acts and omissions occurred before the Settlement Agreement-September 24, 2008-and that the Burches “had sufficient knowledge at that time to put them on notice of the alleged deception and fraud.” Given the Burches failed to file suit until October 27, 2011, over a year later, the trial, court sustained the exception of peremption.
“When prescription is raised by peremptory exception, with evidence being introduced at the hearing on the exception, the trial court’s findings of fact on the *212 issue of prescription are subject to the manifest error-clearly wrong standard of review.” Specialized Loan Servicing, LLC v. January, 12-2668, pp. 3-4 (La.6/28/13), 119 So.3d 582, 584. The record in this matter supports that both of the Burches’ complaints were filed in ex-' cess of the one-year peremptive period to bring a legal malpractice action. Accordingly, we conclude the trial court’s factual findings on the peremption is,sue were not manifestly erroneous and thus, find no error in the judgment granting the exception of peremption.

LUTPA

The Burches also argue that the trial court erred in granting the exception of peremption as it relates to LUTPA. They contend that the present complaint articulated a claim under LUTPA. In particular, they maintain that the trial court h7erred in not considering Attorney General Opinion 12-0083[8] as to the applicability of LUTPA to the legal profession, and in dismissing their petition for breach of contract.
These arguments are not persuasive. First, as referenced herein, the Burches’ claims are based in legal malpractice, not contract. Next, regardless as to whether or not LUTPA may apply to the legal profession or if the petition articulated a LUTPA claim, the dispositive question is whether the Burches, timely asserted a LUTPA action. The answer is “no.” Similar to the time limitations for a legal malpractice action, the limitation period of LUTPA is peremptive. Morris v. Sears, Roebuck and Co., 99-2772, p. 4 (La.App. 4 Cir. 5/31/00), 765 So.2d 419, 422. The statute provides that the period for bringing an action under LUTPA is one year from the time of the transaction or act which gave rise to the'right of action. See La. R.S. 51:1409(E). Under any time table, the Burches waited in excess of a year from the time of any deceptive actions by Roberts in which to file a LUTPA complaint. Therefore, we also find no error in the trial court’s decision to grant Roberts’ exception of peremption with respect to LUTPA.
CONCLUSION
For the forgoing reasons, the judgment of the trial court sustaining Roberts’ exceptions of res judicata and peremption is affirmed.
JUDGMENT AFFIRMED.

. La. C.C. art. 3458 states: Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period.
La. C.C. art. 3461 states: “Peremption may not be renounced, interrupted, or suspended.”

. La. R.S. 9:5605 provides:
A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is. discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.'
*205 B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission, or neglect occurring prior to September 7, .1990, actions must, in all events, be filed in a court of competent jurisdiction and proper venue on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or neglect. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
C. Notwithstanding any other law to the contrary, in all actions brought in this state against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional law corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, the prescriptive and peremptive period shall be governed exclusively by this Section.
D. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
E. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.

. In summary, the motion for leave to amend referenced the Burches' desire to apply the Louisiana Unfair Trade Practice And Consumer Protection Act to the allegations of their reconventional demand. The motion for partial summary judgment and motion to compel concerned their claims that they were entitled to summary judgment on the issue that Bar-rasso’s negligence was so egregious that an expert was not required to prove liability; and that the admissions requested in the motion to compel would assist in the evidentiary hearing on the partial summary judgment.

. As it pertains to'their status as appellees, Roberts and Continental shall hereinafter be collectively referenced as “Roberts.”

. La. R.S. 51:1409 (LUTPA) provides in part that:
A. Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages. If the courts find the unfair or deceptive method act, or practice was knowingly used, after being put on notice'by the attorney general, the court shall award three times the actual damages sustained. In the event that damages are awarded under this Section, the court shall award to the person bringing such action reasonable attorney fees and costs. Upon a finding by the court that an action under this Section was groundless and brought in bad faith or for purposes of harassment, the court may award to the defendant reasonable attorney fees and costs.
[[Image here]]
E. The action provided by this section shall prescribe by one year running from the time of the transaction or act which gave rise to this right of action.

. In support of this position, the Burches cite Shreveport Credit Recovery v. Modelist, 33,369 (La.App. 2 Cir. 5/15/00), 760 So.2d 681, wherein the client’s duress and fraud claims in confection and assignment of promissory note were held not to be subject to peremp-tive limitations imposed by legal malpractice statute; instead, the court in that case held the over-billing claim was governed by the general prescriptive period for contractual claims.

. Likewise, we shall not review the Burches' claim that the trial court committed clear error in denying their motion to amend responses to Requests for Admissions. This claim was decided in the reconventional judgment and is not before this Court for review; and moreover, also is not relevant as to whether the trial court properly granted the exception of res judicata or peremption.

. This opinion addressed: (1) Do the provisions of the Louisiana Unfair Trade Practices and Consumer Protection Act apply to the fraudulent billing by a law firm or an individual lawyer to a client of the firm or the lawyer; and (2) Is a client seeking the services of a lawyer or a law firm a "consumer” entitled to protection under the act and is the submission of false bills or services not actually expended or unnecessary an "unfair or deceptive act or practice” in the "trade or commerce” of providing legal services?